**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SANDRA COPE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 3:22-CV-1524-MAB** |
| | ) |
| **DG RETAIL, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Sandra Cope alleges that she was injured in the parking lot of the Dollar General Store in South Roxana, Illinois (Doc. 1-1). She filed suit in state court against Dollar General Stores, LLC, DG Retail LLC, and the John Doe manager of the store in question, claiming their negligence caused her injury (Doc. 1-1). Defendants removed the case to federal court on July 14, 2022, asserting diversity of citizenship as the basis for federal subject matter jurisdiction (Doc. 1). 28 U.S.C. §§1441(b), 1332(a).[1]

Four days after the case was removed, Plaintiff filed an amended complaint, which identified the John Doe store manager as Tracy Malson (Doc. 7). Plaintiff contemporaneously filed a motion to remand because Malson was a citizen of Illinois, which destroyed diversity (Doc. 8). However, Plaintiff never served Tracy Malson, (*see*

---

[1] Plaintiff alleged in the original complaint that the John Doe store manager was a citizen of Illinois (Doc. 1-1). However, the citizenship of parties sued under fictitious names is disregarded when determining whether a civil action is removable on the basis diversity of citizenship. 28 U.S.C. § 1441(b)(1).

Doc. 25), and instead voluntarily dismissed Malson and Dollar General Stores, LLC in early November 2022 (Docs. 28, 29, 30).

The case proceeded against only DG Retail, LLC for the next four months until Plaintiff filed a motion for leave to amend her complaint (Doc. 40), which is presently before the Court. In the motion, Plaintiff explained that she previously dismissed Tracy Malson after she was presented with information that Malson was not the store manager (*Id.* at p. 1). During the course of discovery, Plaintiff learned that the store manager was Crystal Ann Grindstaff, and Plaintiff now wants to amend the complaint to name Grindstaff as a defendant (*Id.*). Defendant DG Retail filed a response in opposition to Plaintiff's motion to amend, arguing that Plaintiff is seeking to fraudulently join Grindstaff, who is a citizen of Illinois, for the sole purpose of defeating diversity jurisdiction and getting the case remanded back to state court (Doc. 42, p. 2). Plaintiff did not file a reply.

Plaintiff requested to amend her complaint pursuant to Rule 15(a)(2), which provides that the court should freely grant leave to a party to amend its pleadings when justice so requires. *See* FED. R. CIV. P. 15(a)(2). However, when a plaintiff seeks leave to amend their complaint after removal in order to join a nondiverse defendant, like here, the situation is governed by 28 U.S.C. § 1447(e). *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "These are the only options; the district court may not

permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur,* 577 F.3d at 759. The decision whether to permit or deny post-removal joinder of a nondiverse party is discretionary and "the court should balance the equities to make the determination." *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)); *Brown v. Alter Barge Line, Inc.,* 461 F.Supp.2d 781, 784 (S.D. Ill. 2006). Specifically, the court should consider the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur,* 577 F.3d at 759.

In this instance, the presence of Grindstaff, whom Plaintiff alleges is a citizen of Illinois (Doc. 40-1, ¶3), would destroy diversity jurisdiction. Neither party mentioned 28 U.S.C. § 1447(e) in their briefing or directly discussed the *Schur* factors (*see* Doc. 40; Doc. 42). Plaintiff did not even acknowledge the jurisdictional implications of joining Grindstaff (*see id.*), or file a contemporaneous motion to remand. Rather, Plaintiff innocuously asserted that "[t]his amendment is sought . . . only to name the correct party, the store manager, an individual that Plaintiff has sought to name as a party from the outset of the case." (*Id.* at p. 2). Defendant's only argument against joinder is an unadorned assertion of fraudulent joinder, which bears on the first *Schur* factor regarding Plaintiff's motive for seeking joinder (*see* Doc. 42). Such a perfunctory argument does not offer the Court any help in determining whether Plaintiff sought to join Grindstaff solely to defeat diversity jurisdiction.

Consequently, the parties are **ORDERED** to submit supplemental briefing on whether the Court should, in its discretion, permit joinder of a diversity-defeating party and remand the suit to state court or why it should deny joinder and allow the case to remain here. Plaintiff shall file her supplemental brief **by July 24, 2023**. Defendant's supplemental response is due **fourteen days** after Plaintiff's supplemental brief is filed.

**IT IS SO ORDERED.**

**DATED: July 10, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**